IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

J.C. FAIRLEY, JR.                                                                                      PLAINTIFF

VERSUS                                                        CIVIL ACTION NO.  2:14-cv-35-KS-MTP

CULPEPPER TOWING SERVICE                                                              DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  *Pro se* Plaintiff J.C. Fairley, Jr., is incarcerated in the Forrest County Jail, and he brings this Complaint pursuant to 42 U.S.C. § 1983.  The named Defendant is Culpepper Towing Service.  The Court has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

## I. Background

Plaintiff states that he was arrested for D.U.I. and eluding a law enforcement officer on December 17, 2013, by a City of Hattiesburg Police Officer and taken to the Forrest County Jail.  Plaintiff states that the 1995 Toyota Camry he was driving at the time of his arrest, which contained over $6,000.00 in cash and other personal property, was towed by Defendant Culpepper Towing Service.  Plaintiff complains that his family members attempted to retrieve the vehicle on January 3, 2014, and again on January 16, 2014, but the vehicle could not be found.  Plaintiff alleges that his family members were informed that the vehicle had been towed to a location on Highway 11 in Jones County, but when the family members went to this location it was not there.  Plaintiff states that his family members then met with Lieutenant Shannon Harris, an internal affairs officer of the Hattiesburg Police Department, who purportedly informed them that Culpepper Towing Service is employed by the City of Hattiesburg Police Department and that it was a violation of city ordinances for the vehicle to be taken outside of

the City of Hattiesburg to neighboring Jones County. As relief, Fairley seeks the return of his 1995 Toyota Camry and the vehicle's contents or reimbursement for the cost of the vehicle and the lost personal property that was contained within the vehicle.

## II. Discussion

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). Since the Court has permitted Fairley to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). To be considered a state actor under § 1983, a Defendant must "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff maintains that Defendant Culpepper Towing Service is an employee of the City of Hattiesburg Police Department and his vehicle was towed incident to his arrest. The Court will assume, without deciding, that Defendant Culpepper Towing Service qualifies as a state actor for the purposes of this case.

Even if Defendant Culpepper Towing Service is considered a state actor, a claim of negligence is not actionable under § 1983. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). To the extent Plaintiff may be claiming his vehicle and belongings were lost due to

negligence, he is not entitled to relief under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (finding inmate's claim for the negligent loss of his property did not invoke constitutional protection).

To the extent Plaintiff is claiming the loss of his vehicle and belongings was caused by the random and unauthorized conduct of Defendant Culpepper Towing Service, his claim is governed by the *Parratt/Hudson* doctrine. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004)(citing *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)*, overruled in part by, Daniels v. Williams,* 474 U.S. 327, 330-31 (1986)). Under this doctrine, a property deprivation caused by a state actor's random and unauthorized conduct does not violate the Due Process Clause of the Fourteenth Amendment if the state provides an adequate post-deprivation remedy. *Id.* "Conduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Id.* (citing *Zinermon v. Burch,* 494 U.S. 113, 138 (1990)); *see also Alexander v. Ieyoub*, 62 F.3d 709, 712-13 (5th Cir. 1995)(discussing "random and unauthorized" element of *Parratt/Hudson* doctrine).

Plaintiff does not claim that it is the common practice or customary procedure for towed vehicles to be lost. Plaintiff does allege that his family members followed the customary procedures by attempting to retrieve the vehicle within the prescribed time limit and at the appropriate location without any success. Plaintiff also alleges that it was a violation of the City of Hattiesburg ordinances (a "code violation") for his vehicle to be towed to Jones County, which is outside of the "City of Hattiesburg jurisdiction." Am. Compl. [10] at 1-2. The Court finds that Plaintiff alleges "random and unauthorized" conduct on behalf of Defendant

Culpepper Towing Service as necessary for application of the *Parratt/Hudson* doctrine. *See Taylor v. Town of Dekalb*, *Miss.*, No. 4:06cv124TSL-LRA, 2009 WL 1748523, *3 n.5 (S.D. Miss. June 19, 2009)(finding an intentional taking of property following a lawful seizure would undoubtedly constitute a "random" and "unauthorized" deprivation).

As stated above, under the *Parratt/Hudson* doctrine, a property deprivation does not violate the Due Process Clause if the state provides an adequate post-deprivation remedy. Mississippi law affords at least two post-deprivation remedies, including actions for conversion and claim and delivery. Miss.Code Ann. § 11-38-1 (claim and delivery); *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss.2004)(stating the elements for a conversion claim). Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994); *White v. Epps*, 411 F. App'x 731, 732 (5th Cir. 2011). Because the State of Mississippi affords Plaintiff an adequate post-deprivation remedy for the alleged deprivation of his property, no due process violation has occurred. *See Porter v. Carpenter*, 356 F. App'x 713, 714 (5th Cir. 2009). Therefore, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 is legally frivolous. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)(affirming district court's frivolous dismissal of prisoner's § 1983 claim for property deprivation).

### III.  Conclusion

As explained above, the deprivation of Plaintiff's property does not result in a constitutional violation because the State of Mississippi provides an adequate post-deprivation remedy. Therefore, this § 1983 case is dismissed with prejudice as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[1]  If Fairley receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 26th  day of June, 2014.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."